UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL L. HELLMUTH,
Plaintiff,

vs.

LEANNE HOOD, et al.,
Defendants.

Case No. 1:18-cv-340
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a resident of Texas proceeding pro se, brings this action against defendants Leanne and Herbert Hood in relation to an alleged property ownership dispute. (Doc. 1). This matter is before the Court on several of plaintiff's pretrial motions, including his motion to dismiss defendants' answers to the complaint (Doc. 11), motion to allow plaintiff to use the ECF filing system (Doc. 3), "motion to estoppel" (Doc. 15), "Motion to Rule on Rule 52" (Doc. 23), and motion for a "suppression order" (Doc. 28). This matter is also before the Court on defendants' memorandum in opposition to these motions and motion for judgment on the pleadings (Docs. 16, 24).

## I. Plaintiff's Motion to Strike (Doc. 11)

Plaintiff moves to dismiss defendants' answers to the complaint, including defendants' Exhibit A attached to the answer. (Doc. 11). Plaintiff argues that the Butler County Common Pleas Court "issued a Summons for the Defendants to answer an amended complaint dated June 6. 2018. . . . They failed to file their answer in the required time." (*Id.*). The Court construes plaintiff's motion as a motion to strike.

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored and should be used sparingly and only in cases where the material at issue has "no possible relation to the controversy." *Anderson v. U.S.*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).

Here, plaintiff has provided no valid argument in support of his motion to strike. Rather, from what the Court can discern, plaintiff purports to allege that defendants' answer was untimely in *state* court. Plaintiff's argument has no bearing on this *federal* lawsuit. Accordingly, plaintiff's motion to dismiss defendants' answer (Doc. 11) is **DENIED**.

## II. Defendants' Motion for Judgment on the Pleadings (Doc. 16)

### A. The Complaint

Plaintiff filed his initial complaint on May 18, 2018, which includes the caption "wrongful death complaint." (Doc. 1 at 1). Plaintiff alleges that he agreed to allow his daughter and her husband, Leanne and Herbert Hood, ("defendants") to move into his home in Trenton, Ohio while he and his wife resided in their new townhouse in Round Rock, Texas during the summer of 2014. (*Id.*). Plaintiff alleges that defendants agreed to pay all expenses on the home, including electric, water, taxes, and insurance. (*Id.*). Plaintiff alleges that he planned bestowing the Ohio home to his daughter in his will. (*Id.*).

In May 2015, plaintiff and his wife returned to the Ohio home. (*Id.*). Plaintiff alleges that defendants informed him that they could not pay the utilities, taxes, and insurance on the home because the home was not listed in their name. (*Id.*). As a result, plaintiff alleges that his attorney drafted a quitclaim deed in September 2015 giving defendants one-half ownership of the house at that time and the other half after his eventual death. (*Id.*, Ex. A).

In spring 2016, plaintiff alleges that defendants requested sole ownership of the home,

2

but defendants agreed to allow plaintiff and his wife to live in the upstairs portion of the home until their deaths. (*Id.*). After several arguments with his wife, plaintiff agreed to sell the entire property to defendants. (*Id.* at 1-2). On May 31, 2016, an attorney drafted paperwork for the transfer of property. (*Id.* at 2, Ex. B). Although the signatures of plaintiff and his wife appear on the deed transferring the property to defendants, plaintiff alleges that he and his wife did not sign the documents before a notary public. Rather, he alleges his daughter "took the deed transfer to her co-worker who was a Notary to get her stamp and signature." (Complaint, Doc. 1 at 2).

Plaintiff alleges that his wife continually expressed her dissatisfaction with the sale of the home. (*Id.*). On March 13, 2017, plaintiff's wife died from a severe heart attack. (*Id.*). On September 3, 2017, upon returning to Texas for the winter, plaintiff alleges that defendants sent him an email "telling [him] not to return to Ohio, the house was theirs and if [he] did return, they would have [him] arrested and prosecuted." (*Id.*).

In October 2017, plaintiff filed a pro se civil action in the Butler County, Ohio Court of Common Pleas seeking to have the home returned to him "because the deed transfers were within Ohio's 2-year-rule allowing the executor (me) of my wife's will to void them." (*Id.*). Soon thereafter, plaintiff alleges that defendants informed him of their intent to sell the home. (*Id.*). As such, in December 2017, plaintiff "filed with the Butler County Probate Court for [his wife's] will to be read and a motion to void the property transfer." (*Id.*). Plaintiff alleges that the Probate Court "put [his] wife's will on hold until there was a determination of the Common Pleas court was settled." (*Id.*).

Plaintiff alleges that in January 2018 a magistrate arranged a visitation for him to collect belongings from the home. (*Id.*). Defendants blocked plaintiff from parking in the driveway and Trenton police cars surrounded the home. (*Id.*). Plaintiff's daughter handed him a box of his

3

belongings and he left the home. (*Id.*).

Based on these facts, plaintiff alleges:

> Causing the death of my wife just to get ownership of our house and sell it for cash was greed and a premeditated plan on [defendants]' part. I'm 71 years old, my wife was 72 and probably together wouldn't have had many more years to live. They would have gained ownership of my house at that time without killing my wife.

(*Id.* at 3).

Plaintiff has also filed several supplemental memoranda and an amended pleading, which purport to clarify that he brings claims of wrongful death, breach of contract, and adverse possession. (*See* Docs. 4, 5, 6, 7, 19).[1] In one supplemental memorandum, plaintiff repeats many of the same facts from his complaint and alleges that the deed transfer executed in the spring of 2016 was fraudulent because the attorney who drafted the deed "failed to add into the deed transfer that [the home] wouldn't be transferred until the death of BOTH of us [plaintiff and his wife]." (Doc. 4 at 1). Plaintiff again alleges that the deed transfer caused his wife "tremendous and unrelenting" stress, which was "too much for her heart to handle" and resulted in an eventual heart attack. (*Id.* at 2). In a second supplemental memorandum, entitled "statement of claim," plaintiff clarifies that he brings a claim under Ohio Rev. Code § 2125.01 for wrongful death. (Doc. 5 at 1). In a third supplemental memorandum, plaintiff alleges that he seeks damages in the amount of $5,000,000. (Doc. 6). Plaintiff also alleges that defendants

---

[1] The Court will consider plaintiff's supplemental memoranda filed on June 6, 2018 (Docs. 4, 5, 6, 7). However, the Court will not consider plaintiff's amended pleading filed on July 13, 2018 (Doc. 19) because he has failed to properly amend his complaint pursuant to Fed. R. Civ. P. 15(a)(1). A party may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these circumstances are inapplicable, a party "may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(2). "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court." *Green v. City of Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. Feb. 22, 2016) (citing *United States v. D'Agostino*, 802 F.3d 188, 192 (1st Cir. 2015)). Plaintiff did not seek leave of Court to file the amended pleading, nor did he seek defendants' consent. Accordingly, the Court declines to consider plaintiff's amended pleading.

4

intentionally caused him to be subjected to a "possible police shooting" and caused his wife's "untimely death by heart attack." (*Id.*). In a fourth supplemental memorandum, plaintiff states that he brings claims for breach of contract and adverse possession. (Doc. 7 at 1). Plaintiff states that his claim is "for the possession of [his] home and its contents. . . ." (*Id.* at 2).

**B. Rule 12(c) Standard**

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*,

579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C. Resolution**

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1). (Doc. 16 at 7-8). Defendants argue that plaintiff's wrongful death and "breach of contract or adverse possession" claims fail to establish federal jurisdiction. (*Id.* at 8). Defendants argue that plaintiff's wrongful death claim does not "sufficiently allege a cause of action against the defendants under the *Iqbal* standard so as to establish diversity jurisdiction." (*Id.*). Defendants also argue that the doctrine of *res judicata* prevents additional litigation of this action because the state court determined that the deed conveying the property to defendants was an unambiguous transfer of property. (*Id.* at 9).

Pursuant to 28 U.S.C. § 1332(a), federal courts have "'original jurisdiction of all civil actions . . . between citizens of different states' when the amount in controversy exceeds $75,000." *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013) (quoting 28 U.S.C. § 1332(a)(1)). In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State*

6

*Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)). "State citizenship, for purposes of diversity jurisdiction, is not a matter of residency but of domicile." *Nat'l City Bank v. Aronson*, 474 F. Supp.2d 925, 931 (S.D. Ohio 2007). Domicile is "established by an intent to remain at a location permanently, or at least indefinitely." *Id.* While the Court agrees that plaintiff's complaint does not establish a basis for federal question jurisdiction, the Court finds that, plaintiff's pro se complaint, liberally construed, establishes a basis for diversity jurisdiction in this matter. The face of the complaint demonstrates that plaintiff is now domiciled in Texas and maintains his residence in Round Rock, Texas, while defendants remain domiciled in Ohio. Moreover, plaintiff's supplemental pleading alleges that he seeks damages against defendants in the amount of $5,000,000, which exceeds the $75,000 amount in controversy requirement of § 1332. (Doc. 6). Accordingly, plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction.

However, the Court finds that plaintiff's claims for breach of contract and adverse possession are barred by the doctrine of claim preclusion, or res judicata, which provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Under the doctrine of claim preclusion, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *National Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1179 (Ohio 1990) (emphasis in the original) (citation omitted). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) ("[t]he doctrine of

*res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it") (citation omitted). *See also State v. Dick*, 738 N.E.2d 456, 460 (Ohio Ct. App. 2000) ("*res judicata* bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated*, so long as there has been a valid, final judgment rendered upon the merits") (citing *Grava*, 653 N.E.2d 226, syllabus) (emphasis in the original). Under Ohio law, a prior judgment has preclusive effect if four elements are satisfied: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Felder v. Community Mut. Ins. Co.*, No. 96-3320, 1997 WL 160373, at *3-4 (6th Cir. Apr. 4, 1997). Ohio law defines "transaction" as a "common nucleus of operative facts." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (quoting *Grava*, 653 N.E.2d at 229).

Here, a review of the record shows that a state court fully adjudicated the property ownership dispute which forms the basis for plaintiff's claims of breach of contract and adverse possession, and the alleged injuries resulting therefrom. In June 2018, the Butler County Common Pleas Court granted Leanne and Herbert Hood's motion for summary judgment on their counterclaims for quiet title and partition, holding that the evidence showed that plaintiff and his wife executed two deeds conveying the property to Leanne and Herbert Hood. (Doc. 8-1 at 11).[2] The first deed, executed on September 1, 2015, conveyed an undivided, one-half interest of the home to defendants. (*Id.*). The second deed, executed on May 31, 2016, conveyed the

---

[2] The Court may examine public documents without converting the motion for judgment on the pleadings into one for summary judgment. *Wyser-Pratte Mgmt. Co. Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2006).

remaining one-half interest of the property to defendants. (*Id.*). The state court held that the deeds conveying the transfer of property to defendants were unambiguous. (*Id.* at 12). The state court found that Leanne and Herbert Hood were the "titled owners to the Residence, effective May 31, 2016." (*Id.*).

This federal action relates to the same civil property ownership dispute involving the Ohio home and deed as in the state court litigation and involves the same parties and claims that either were litigated in state court or could have been litigated in state court. Plaintiff alleges in his supplemental memorandum that the deed transfer was "fraudulent" because his attorney "failed to add into the deed transfer that it wouldn't be transferred until the death of [plaintiff and his wife]" and it was never signed in front of a notary. (Doc. 4 at 1). In another supplemental memorandum describing his breach of contract and adverse possession claims, plaintiff alleges that defendants breached an alleged contract relating to the home and that he was "defrauded" by defendants "out of the ownership of [his] house from the beginning." (Doc. 7 at 2). Plaintiff admits that his claim is "for the possession of [his] home and its contents that have been withheld from [him]. . . ." (*Id.*). However, the state court determined that the deed was legitimate and therefore defendants were the lawful owners of the property effective May 31, 2016 and granted judgment for defendants. Plaintiff is therefore barred under the doctrine of claim preclusion from pursuing his breach of contract and adverse possession claims in federal court. Therefore, plaintiff's breach of contract and adverse possession claims should be dismissed.

Plaintiff's wrongful death claim should also be dismissed. To withstand a motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *CSX Transportation, Inc. v. Columbus Downtown Dev. Corp.*, 307 F. Supp.3d 719, 727 (S.D. Ohio 2018) (quoting *Commercial Money*

*Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). Moreover, a plaintiff must plead sufficient facts to render his legal claim plausible. *Id.* To state a wrongful death claim under Ohio Rev. Code § 2125.01, a plaintiff must allege: (1) the death of the decedent; (2) the commencement of the action within two years thereafter; (3) a wrongful act, neglect or default of defendant that proximately caused the death and would have entitled the decedent to maintain an action and recover damages had she not died; (4) the decedent was survived by a spouse, children, parents or other next of kin; and (5) survivors have incurred damages as a result of the wrongful death. *Bailey v. United States*, 115 F. Supp.3d 882, 889 (N.D. Ohio 2015) (citing *Mansour v. Woo*, No. 2011-A-0038, 2012 WL 1493862, at *7 (Ohio Ct. App. Apr. 30, 2012)). Proximate cause occurs "where an original act is wrongful or negligent, and in a natural and continuous sequence, produces a result that would not have taken place without the act." *Id.* (quoting *Petre v. Norfolk S. Ry. Co.*, 458 F. Supp.2d 518, 527 (N.D. Ohio 2006)). Although proximate cause is usually a question of fact for jury resolution, a plaintiff must allege more than "mere speculation or conjecture to determine the cause of the event at issue." *Id.*

In this case, plaintiff has failed to state a plausible wrongful death claim. Plaintiff has not alleged facts showing that defendants' actions proximately caused his wife's fatal heart attack. The relationship between the allegedly fraudulent transfer of property in May 2016 and his wife's fatal heart attack nearly one year later in March 2017 is simply too remote. Plaintiff's attempt to create a causal link between the property ownership dispute with defendants and his wife's heart attack and ultimate death is speculative, unforeseeable, and implausible under Rule 8 pleading standards. Moreover, plaintiff has failed to allege that his wife's heart attack and ultimate death would not have occurred in the absence of the property ownership dispute.

Accordingly, defendants' motion for judgment on the pleadings (Doc. 16) should be granted in its entirety.

### III. Plaintiff's Remaining Motions

Plaintiff has filed several other pretrial motions. Plaintiff moves the Court to allow him to use the ECF filing system. (Doc. 3). Plaintiff also moves the Court for a ruling pursuant to Federal Rule of Civil Procedure 52.[3] (Doc. 23). Plaintiff has also filed a "motion to estoppel." (Doc. 15). Plaintiff also moves for a "suppression order," purportedly to prevent certain witnesses from discussing this case. (Doc. 28).

As the undersigned has recommended that defendants' motion for judgment on the pleadings be granted, the Court need not consider these motions. Therefore, plaintiff's motions (Docs. 3, 15, 23, 28) are **DENIED as MOOT**.

### IV. Conclusion

Based on the foregoing it is **RECOMMENDED** that:

1. Defendants' motion for judgment on the pleadings (Doc. 16) be **GRANTED**.

It is **ORDERED** that:

1. Plaintiff's motion to dismiss defendants' answers to the complaint (Doc. 11) is **DENIED**.

2. Plaintiff's "motion to estoppel" (Doc. 15) is **DENIED as MOOT**.

3. Plaintiff's motion to allow him to use the ECF system (Doc. 3) is **DENIED as MOOT**.

4. Plaintiff's motion to Rule on Rule 52 (Doc. 23) is **DENIED as MOOT**.

---

[3] Rule 52(a)(1) states: "In an action *tried* on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Here, Rule 52 is inapplicable in this matter for two reasons. First, plaintiff has requested a jury trial to resolve this matter. (Complaint, Doc. 1). Second, at this early stage in the proceeding, plaintiff's case has not been tried.

5. Plaintiff's motion for a suppression order (Doc. 28) is **DENIED as MOOT**.

Date: 11/27/18

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL L. HELLMUTH,
　Plaintiff,

vs.

LEANNE HOOD, et al.,
　Defendants.

Case No: 1:18-cv-340
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).