**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Daniel L. Hellmuth,

        Plaintiff,
                                Case No. 1:18-cv-00340

        v.
                                Judge Michael R. Barrett

Leanne Hood, et al.,

        Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's November 27, 2018 Report and Recommendation ("R&R") and Order which recommended that Defendants' Motion for Judgment on the Pleadings (Doc. 16) be granted and ordered that Plaintiff's Motion to Dismiss Defendants' Answers (Doc. 11) be denied; Plaintiff's Motion to Estoppel, By Representation, Judicial, Collateral, Equitable (Doc. 15) be denied as moot; Plaintiff's Motion to Allow the Plaintiff to Use the ECF System (Doc. 3) be denied as moot; Plaintiff's Motion to Rule on Rule 52 (Doc. 23) be denied as moot; and Plaintiff's Amended Lay/Fact Witness Report and Suppression Request (Doc. 28) be denied as moot. (Doc. 29).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. (*Id.*); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Objections were due by December 11, 2018. On December 14, 2018, Plaintiff a document titled "Corrections to Defendant's Report and Recommendation Filing" (Doc. 30) and, on January 7, 2019, he filed a document titled "Objections to the Report and

Recommendation" (Doc. 33). A review of these documents reveals that Plaintiff's filing titled "Corrections to Defendant's Report and Recommendation Filing" (Doc. 30) contains no objections to the R&R, whereas his filing titled "Objections to the Report and Recommendation" (Doc. 33) does contain objections to the R&R. Defendants filed responses to both filings. (Docs. 31, 35). Plaintiff is proceeding pro se and, although he did not file any document within the 14-day deadline provided in the R&R, the Court will interpret his filing titled "Objections to the Report and Recommendation" (Doc. 33) as objections and as including a motion for an extension of time to file those objections and grant an extension. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections or Defendants' response thereto.

The Magistrate Judge recommended that Defendants' Motion for Judgment on the Pleadings (Doc. 16) be granted and explained that in Plaintiff's Complaint (Doc. 1), and the supplemental memoranda (Docs. 4, 5, 6, 7) that she permitted him to file, he asserts claims for breach of contract, adverse possession, and wrongful death (Doc. 29 at PageID 149, 151-52). She found that, although his Complaint establishes a basis for diversity jurisdiction, his breach of contract and adverse possession claims are barred by the

doctrine of claim preclusion, or res judicata, and he fails to state a plausible wrongful death claim. (*Id.* at PageID 154-58).

Plaintiff initially objects[1] to the Magistrate Judge's summary of the facts found in the Complaint, namely that she stated that Plaintiff agreed to sell the property to Defendants, that Plaintiff alleges that Defendant Leanne Hood took the deed to her co-worker who was a notary to get her notary stamp and signature, and that he only included his requested damages amount in a supplemental memorandum. (Doc. 33 at PageID 190-91). However, aside from listing his disagreement with how the Magistrate Judge summarized the facts, he offers no argument or analysis as to how the Magistrate Judge's alleged mischaracterizations resulted in an incorrect recommendation. The Court is not persuaded by his objections regarding the Magistrate Judge's summary of the facts.

Plaintiff's next objections relate to the Magistrate Judge's finding that his claims for breach of contract and adverse possession are barred by the doctrine of claim preclusion, or res judicata, as "a state court fully adjudicated the property ownership dispute which forms the basis for [his] claims of breach of contract and adverse possession, and the alleged injuries resulting therefrom." (Doc. 29 at PageID 154-56). He appears to confuse his asserted breach of contract and adverse possession claims with his asserted wrongful death claim, as he argues that he has not litigated his wife's wrongful death in any other state or federal cases. (Doc. 33 at PageID 191). However, the Magistrate Judge did not find that he had; rather, she found that, to the extent he currently attempts to bring claims for breach of contract and adverse possession, *see* (Doc. 7), he is precluded from doing

---

[1] The Court notes that the Magistrate Judge ordered that a number of Plaintiff's non-dispositive motions (Docs. 3, 11, 15, 23, 28) be denied (Doc. 29) and Plaintiff does not object to that order (Doc. 33). After consideration of the Magistrate Judge's order denying Plaintiff's non-dispositive motions, the Court concludes that the order (Doc. 29) is not clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a).

so. He also appears to argue that the Magistrate Judge's reliance on claim preclusion, or res judicata, is misplaced in light of a pending appeal in front of the Ohio 12th District Court of Appeals. (Doc. 33 at PageID 193). The Court disagrees with Plaintiff and agrees with the Magistrate Judge that, regarding his claims for breach of contract and adverse possession, "[t]his federal action relates to the same civil property ownership dispute involving the Ohio home and deed as in the state court litigation and involves the same parties and claims that either were litigated in state court or could have been litigated in state court." (Doc. 29 at PageID 156).

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff fails to state a plausible wrongful death claim under Ohio law, as he has not shown that Defendants' actions proximately caused his wife's death. (Doc. 29 at PageID 156-58). He reiterates the pertinent Ohio law and states that he meets all of the required elements. (Doc. 33 at PageID 194-95). Notably, however, he does not explain how Defendants' actions proximately caused his wife's death. Rather, he reiterates the same asserted link between the property ownership dispute with Defendants and his wife's heart attack and death that he asserted in his Complaint and which the Magistrate Judge found to be insufficient. *Compare* (Docs. 1, 33), *with* (Doc. 29). The Court agrees with the Magistrate Judge that Plaintiff's attempt to link the allegedly fraudulent May 2016 property transfer and his wife's March 2017 death, under his belief that "Defendants illegally [] transferred the deed of the house into their names and then proceeded to harass and pressure [his wife] into a fatal heart attack" (Doc. 33 at PageID 195), is "speculative, unforeseeable, and implausible" under the pleading standards required by Federal Rule of Civil Procedure 8 (Doc. 29 at PageID 157).

4

Additionally, to the extent that Plaintiff asserts that he has "presented documents . . . as sufficient facts to stand up in a court of law" such that dismissal is inappropriate (Doc. 33 at PageID 191), the Court finds his objection to be a bare disagreement with the Magistrate Judge's recommendation which falls short of his obligation to make specific objections to an R&R. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Aldrich v. Bock*, 32 F.Supp .2d 743, 747 (E.D.Mich.2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In sum, after a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's recommendation that Defendant's Motion for Judgment on the Pleadings be granted.

Based on the foregoing, the Court hereby **OVERRULES** Plaintiff's objections (Doc. 33) and **ADOPTS in full** the Magistrate Judge's November 27, 2018 R&R (Doc. 29). Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 16) is **GRANTED**, this case is **DISMISSED**, and the matter shall be **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court